1998 ME 15

## MOBILE IMAGING CONSORTIUM

v.

## CITY OF PORTLAND et al.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1997.

Decided Jan. 20, 1998.

Kurt E. Olafsen (orally), Olafsen & Butterfield, Portland, for plaintiff.

Charles A. Lane (orally), Associate Corporation Counsel, Portland for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] The City of Portland appeals from the judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) vacating the decision of the Portland Board of Assessment Review that two of Mobile Imaging Consortium's mobile magnetic resonance imaging (MRI) units were not "professional apparatuses" pursuant to 36 M.R.S.A. § 603(2)(D) (1990) and were therefore taxable to Mobile Imaging by the municipality where its principal place of business is located pursuant to 36 M.R.S.A. § 602 (1990).[1] We affirm the judgment.

[¶ 2] Mobile Imaging Consortium is a limited partnership with its principal place of business in Portland. It leases a mobile MRI unit (the Norway unit) from a nonresident corporation. On April 1 of the 1993, 1994, and 1995 tax years, the unit was located in the town of Norway. In 1993 Mobile Imaging purchased a mobile unit (the Sanford unit), and on April 1, 1993, that unit was located in the town of Sanford. Mobile Imaging paid the taxes that were assessed against the units by the towns of Norway and Sanford. The City of Portland made a supplemental assessment for personal property taxes against the Sanford unit for the 1993 tax year and against the Norway unit for the 1993, 1994, and 1995 tax years. Those taxes were paid in full. The City's assessor denied Mobile Imaging's subsequent request for an abatement. Mobile Imaging appealed that decision to the Portland Board of Assessment Review (the Portland Board). That appeal was also denied. Mobile Imaging then appealed the Portland Board's decision to the State Board of Property Tax Review (the State Board).

[¶ 3] At the hearing before the State Board, the manager of Mobile Imaging testified that the equipment used in the scanner can function only as a unit. Each year Mobile Imaging notifies the town in which the scanner is situated on April 1 and pays the taxes assessed against the property. The State Board dismissed Mobile Imaging's appeal for lack of jurisdiction because the case involved questions of law and not fact. Pursuant to 36 M.R.S.A. § 271(7) (1990), Mobile Imaging appealed to the Superior Court.

[¶ 4] In April 1997 the court determined that the State Board had jurisdiction to hear the matter, but held that because there were no factual disputes involved, the court, in the interest of judicial economy, would resolve the matter. The court determined that a mobile MRI unit is a "professional apparatus" and vacated the decision of the Portland Board. Because it was unnecessary for its decision, the court did not address whether Portland could tax the Norway unit, the property of a nonresident corporation. Mobile Imaging and the City filed a joint motion for the entry of a final judgment pursuant to M.R. Civ. P. 54(b). The motion was granted in May 1997, and the City then appealed.

[¶ 5] Although in its brief the City argued that the mobile MRI units were not "professional apparatuses," it conceded at oral argument that the units are within the purview of the plain and ordinary meaning of the term "professional apparatuses." Nevertheless, it asserted that the Legislature never envisioned that the term "professional apparatus" would include mobile and complex machinery similar to the units in question. It contends that a less conscientious taxpayer could fail to inform the town in which the mobile unit is located on April 1 and thereby avoid paying taxes on the property. The City invites us to look beyond the clear and unambiguous language of the statute and conclude that the mobile MRI units are not

---

1. 36 M.R.S.A. § 602 (1990) provides: "All personal property within or without the State, except in cases enumerated in section 603, shall be taxed to the owner in the place where he resides."

36 M.R.S.A. § 603(2)(D) (1990) provides that "professional libraries, apparatus, implements and supplies" should be taxed in the place where situated.

"professional apparatuses." We decline the invitation.

The entry is:

Judgment affirmed.